HYMAN SULTAN v. LONDON ASSURANCE CORPORATION
ET AL.

Decided November 16, 1926.

Insurance—Fire—Not Shown That Plaintiff was Guilty of Fraud
—Though the General Rule For Fixing Value of Chattels is
to Show What They Will Bring as Between a Willing Seller
and a Willing Buyer, and if They Have No Market Value,
Then Their Worth by the Opinion of Experts, Yet Where
Goods Damaged by Fire are to be Appraised, These Rules
are Not Entirely Applicable, and Their Price at Public Auc-
tion is of Some Slight Evidential Value—Plaintiff Did Sus-
tain the Proof of Value of Insured Property.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the rule, *Arthur T. Vanderbilt.*

*Contra, Harry Heher* and *Maxwell A. Kraemer.*

PER CURIAM.

The plaintiff brought this suit upon policies of insurance
issued by the various defendant companies to recover for
the loss sustained by him through the destruction by fire of
the property covered by the policies. The trial resulted in a
verdict in his favor, the amount awarded him by the jury
being $21,170.

The first ground upon which we are asked to make this rule
absolute is that it was established by the clear weight of the
evidence that the plaintiff was guilty of fraud and false
swearing with relation to the property insured both before
and after the alleged loss, and that the verdict of the jury,
which, by implication, holds the contrary, should not be per-
mitted to stand. Our examination of the testimony on this
point leads us to the conclusion that the questions of fraud

were clearly for the determination of the jury, and that its finding is not so plainly against the weight of the evidence as to justify setting aside the verdict upon this ground.

The second point urged for setting aside the verdict is that the trial court erred in admitting evidence concerning the price that the few goods which remained after the fire, but which were considerably damaged thereby, brought at a public auction sale. As a general rule, the proper method of proving the value of chattels is to show what they will bring as between a willing seller and a willing buyer; and, if they have no market value, then to prove what they are worth by the opinion of experts. But, as we see it, this rule has no application to a case like the present, for, manifestly, chattels injured or partially destroyed by fire can have no market value, and it would seem equally true that their value cannot be the subject of expert opinion. When such a situation is presented, we think that the price brought at a public sale is some slight evidence of the property so damaged. We conclude therefore that this second point is also without merit.

The third and last point argued on behalf of the defendants is that the plaintiff failed to sustain by a preponderance of the evidence the value of the insured property and the extent of its damage by fire. Our examination of the testimony sent up with the rule leads us to the contrary conclusion; and, as a result of this conclusion, we consider that the suggestion of counsel that the verdict is excessive is without substance.

The rule to show cause will be discharged.